1

2

3

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

4

5

Case No. 12cv379-JPH

6

7

KORINA R. POWELL,

                    Plaintiff,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

8

vs.

9

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

10

11

                    Defendant.

12

13      **BEFORE THE COURT** are cross-motions for summary judgment. ECF

14  Nos. 24, 25. Attorney Dana Chris Madsen represents plaintiff (Powell). Special

    Assistant United States Attorney Daphne Banay represents defendant

15  (Commissioner). The parties consented to proceed before a magistrate judge. ECF

16  No. 7. After reviewing the administrative record and the briefs filed by the parties,

17  the court **grants** defendant's motion for summary judgment, ECF No. 25.

18                          **JURISDICTION**

19      Powell applied for supplemental security income (SSI) benefits on February

20  13, 2007 alleging disability beginning July 1, 2006. The claim was denied initially

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 1

and on reconsideration (Tr. 110-13, 120-21).  Administrative Law Judge (ALJ) Gene Duncan held a hearing November 19, 2008. A psychologist, a vocational expert and Powell testified (Tr. 39-91). On June 22, 2009, the ALJ issued a partially favorable decision (Tr. 15-30). The Appeals Council denied review (Tr. 3-7).

On July 28, 2011 the Court ordered remand pursuant to sentence six for consideration of additional evidence (Tr. 407-08). The Appeals Council found the additional evidence did not provide a basis for changing the ALJ's decision, making that decision final (Tr. 402-06). On June 6, 2012 Powell appealed pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the decisions below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Powell was 32 years old when she most recently applied for benefits and 33 at the hearing. She graduated from  high school, completed some college courses and last worked in 2000. She lives with her spouse (Tr. 25, 40-42, 48, 295, 362). Powell alleged physical and mental limitations (Tr. 147), but this appeal is limited to the ALJ's assessment of mental limitations. Powell testified she suffers from mood swings, depression and attention deficit disorder  (Tr. 43, 59-60, 72).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

# SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

After determining Powell was disabled beginning May 4, 2007, the ALJ was then required to determine whether disability continued through the date of the decision by performing the seven step sequential evaluation process pursuant to SSI disability benefit regulation. 20 C.F.R. § 416.994(b)(Tr. 15-17).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

///

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

1

## ALJ'S FINDINGS

2      At step one, the ALJ found Powell did not work at substantial gainful activity

3  levels after onset (Tr. 18). At steps two and three, he found she suffers from

4  depression, asthma, morbid obesity and a left foot fracture in May 2007,

5  impairments that are severe but do not meet or medically equal a Listed impairment

6  (Tr. 18, 24). At step four, he found Powell has no past relevant work. Because he

7  found at step five there were no jobs she could perform, the ALJ found Powell was

8  disabled beginning May 4, 2007 (Tr. 25-26).

9      After he found Powell disabled,  the ALJ performed the seven step sequential

10  evaluation used to determine if her condition had improved prior to the date of the

11  decision (Tr. 17-18,  26-29). At step one, he found none of Powell's impairments

12  met or equaled a Listed impairment. At step two, he determined there was medical

13  improvement, and at step three, he found the improvement is related to the ability to

14  work because it resulted in an increased capacity to perform basic work activities

15  (Tr. 17). Having found Powell's improvement increased her ability to work, the ALJ

16  appropriately proceeded to step five, where he determined Powell's current

17  impairments in combination are severe (Tr. 17-18; 26-29). At step six, he found

18  Powell had the residual functional capacity to perform a range of light work (Tr. 18,

19  25, 29). Because Powell had no past relevant work,  ALJ Duncan went on to step

20  seven, where he found she is able to perform other jobs, such as cashier (at the

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 7

sedentary level or with a sit/stand option) and agricultural produce sorter. Essentially, the ALJ found after Powell underwent surgery to repair a foot fracture in May 2007, recovery was longer than normal due to complications of obesity and depression, but these conditions improved. Accordingly, the ALJ found Powell's disability as defined by the Act ended on April 1, 2009  (Tr. 29, 235-36, 278-84, 352-57).

**ISSUES**

Powell alleges the ALJ erred when he weighed the evidence of mental limitations. Specifically, she alleges the ALJ should have given more credit to the opinions of examining psychologists Mabee and Pollack, and testifying psychologist Rubin. ECF No. 24 at 12-18. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 25 at 12, 19.

**DISCUSSION**

*A. Credibility*

Powell does not address the ALJ's credibility assessment, making it a verity on appeal. She challenges the ALJ's assessment of conflicting medical evidence. The court addresses credibility because the ALJ considered it when he weighed the medical evidence.   This was appropriate.

When presented with conflicting medical opinions, the ALJ must determine

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Although there is some evidence of malingering, the ALJ's reasons are clear and convincing.

ALJ Duncan relied on Powell's inconsistent reports of health diagnoses and substance use  (*i.e.,* Powell told professionals she had been diagnosed with multiple personality disorder and borderline schizophrenia but there is no record supporting the diagnoses). Daily activities such as reading, writing poetry, using the computer, playing board games with friends, doing craft projects, using public transportation and managing household finances are inconsistent with claimed severe mental limitations. The ALJ notes there is evidence suggestive of malingering. Dr. Pollack described personality test results as "rather unusual," and presenting a "very unusual profile." He diagnosed hypochondriasis and a pain disorder associated with both psychological factors and a general medical condition. Dr. Everhart diagnosed malingering with respect to mental illness symptoms (Tr. 27-29, 64, 159, 162, 212, 225, 247-49, 294-304, 360-69). The ALJ's reasons are clear, convincing and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistencies between statements and conduct and the extent of daily activities are properly considered ); *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040-41 (9th Cir. 2003)(the ALJ may reject the claimant's testimony upon finding evidence of malingering).

        *B. Psychological limitations*

        W. Scott Mabee,  Ph.D., evaluated Powell June 20, 2007 -- a little over a year after onset. He opined depressive symptoms cause mild to moderate symptoms and occupational impairment. Powell has no significant cognitive limitations. She is able to focus attention and concentration for at least brief periods. She would likely have more significant difficulties "in extended work periods and when tasks require self-direction." Social skills are adequate.  Powell's production pace is likely much slower than some supervisors or co-workers might tolerate, and she is likely to have better persistence if able to work at a self-managed pace. He assessed a GAF of 60, indicative of moderate symptoms or limitations. The ALJ considered this opinion (Tr. 20-21, 24, 246-59).

         Powell alleges the ALJ's residual functional capacity assessment should have included Dr. Mabee's assessed limitations. ECF No. 24 at 15-16. The Commissioner responds that the ALJ did include them. ECF No. 25 at 13-14.

        The Commissioner is correct.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

The ALJ limited Powell to (1) simple, routine work  (2) superficial public contact and (3) a production pace that is likely below the mean average for ten percent of the workday (Tr. 26). This does not, as Powell contends, constitute a rejection of Dr. Mabee's opinion. Instead it is an RFC that adequately captures Dr. Mabee's assessed limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence or pace where the assessment is consistent with restrictions identified in the medical testimony**).**

Dennis Pollack, Ph.D., evaluated Powell October 31, 2008. As noted, he performed testing, including the MMPI. He assessed two marked limitations: one, in the ability to perform activities within a schedule, maintain attendance and be punctual, and two, in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. The ALJ considered this opinion  (Tr. 21-22, 25, 27-28,  referring to Tr. 294-304).

The ALJ characterizes MMPI results as invalid. Powell alleges this is error because Dr. Pollack actually described the results as "unusual." ECF No. 24 at 16, referring to Tr. 28. She alleges the ALJ should have adopted Dr. Pollack's assessed marked limitations. ECF No. 24 at 16-17. The Commissioner responds that  the ALJ rejected Pollack's opinion because it is contradicted by Dr. Everhart's opinion

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

[discussed below] that Powell has at most moderate limitations. ECF No. 25 at 14-15, Tr. 28.

The ALJ rejected Dr. Pollack's contradicted opinion, in part, because it is inconsistent with both Dr. Everhart's and Dr. Mabee's opinion of Powell's level of limitation (Tr. 28). With respect to MMPI results, Dr. Pollack not only described them as unusual, he also stated Powell's scores call into question an interpretation of the clinical scores (Tr. 300), meaning whether results are merely unusual or invalid is ambiguous. These are "specific and legitimate" reasons based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (an examining doctor's contradicted opinion can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted). The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  The ALJ properly weighed Dr. Pollack's opinion.

Stephen Rubin, Ph.D., testified at the hearing. Dr. Rubin notes GAF assessments have been in the 60-70 range, mostly 65-70, meaning mild to moderate symptoms or limitations. Yet Rubin's written RFC includes a marked limitation in the ability to perform within a schedule, as well as several moderate limitations in

the areas of extended concentration, social interaction and adaptation. He testified

Powell seemed to lack motivation. She does not appear severely limited when

interviewed. The ALJ accurately describes this testimony as vague, ambivalent and

inconsistent with the record as a whole (Tr. 22-23, 28; 46-58, 306-320). Moreover,

Dr. Rubin was unable to consider Dr. Everhart's report because she had not yet

examined Powell.

The ALJ rejected some of Dr. Rubin's contradicted opinion based on Dr.

Everhart's. This was proper. An examining doctor's opinion is entitled to greater

weight than a reviewing doctor's. *Andrews v. Shalala*, 53 F.3d 1035, 1042-43 (9th

Cir. 1995).  The ALJ also notes Powell had no mental health treatment after 1999

(Tr. 22, referring to Dr. Rubin's testimony at Tr. 52; *see also* Tr. 214: no treatment

at Spokane Mental Health in six to seven years, as of March 2006),  and testified she

takes no psychotropic medication for ADD or depression, only for GERD (Tr. 27,

305).

Joyce Everhart, Ph. D, evaluated Powell in January 2009, after the hearing.

She diagnosed depressive disorder NOS (currently mild) and malingering with

regard to mental illness symptoms. Dr. Everhart opined Powell was moderately

limited in the ability to understand, remember and carry out detailed instructions,

make judgments on complex work-related subjects and interact appropriately with

the public, supervisors and co-workers. Although Powell was scheduled for a second

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

psychological consultative examination in March 2009, she did not appear due to a severe snowstorm. The ALJ considered this evidence, noting depression was assessed as mild (Tr. 23-24, 360-69, 379).

The ALJ properly weighed the contradicted evidence of psychological limitations. The record fully supports the assessed RFC. Although Powell alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 14

evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 25**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 24, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 25th day of November, 2013.

<u>S/ James P. Hutton</u>

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15